UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 0:24-cv-61337-AHS

SANDRA CARDONA,

    Plaintiff,

vs.

NUTRITION FORMULATORS INC.,
and EMPLOYMENT SOLUTIONS OF
NEW YORK, INC.,

    Defendants.
_____/

## DEFENDANT NUTRITION FORMULATORS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Nutrition Formulators Inc. ("NFI" or "Defendant"), by and through undersigned counsel, hereby respectfully files the following Answer and Affirmative Defenses to Plaintiff Sandra Cardona's ("Plaintiff") Complaint, and states as follows:

### INTRODUCTION

1. Admitted that Plaintiff is female. All other allegations are denied.

2. Admitted that Plaintiff purports to bring this action pursuant to Title VII and the FCRA. All other allegations are denied.

### PARTIES

3. Unknown and therefore denied.

4. Admitted.

5. Unknown and therefore denied.

6. Unknown and therefore denied.

7. Calls for a legal conclusion and therefore denied.

8. Unknown what Plaintiff deems "all times material." Denied.

9. Unknown as to Defendant ESNY and therefore denied. Admitted that Defendant NF employs fifteen (15) or more employees.

10. Denied.

11. Denied.

12. Denied.

## JURISDICTION AND VENUE

13. Admitted that jurisdiction is proper. All other allegations are denied.

14. Admitted that venue is proper. All other allegations are denied.

## ADMINISTRATIVE PREREQUISITES

15. Unknown and therefore denied.

16. Unknown and therefore denied.

17. Unknown and therefore denied.

18. Unknown and therefore denied.

## FACTUAL ALLEGATIONS

19. Plaintiff's complete background is unknown and therefore denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Unknown and therefore denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 2000e-2**
***Sex Discrimination***
**(Plaintiff as Against All Defendants)**

80. Defendant reincorporates its responses to paragraphs 19 through 79 above.

81. This paragraph is a statement of law; therefore, no response is required. To the extent this alleges infers liability or wrongdoing by Defendant, the allegations are denied.

82. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers liability or wrongdoing by Defendant, the allegations are denied.

83. Admitted.

84. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers liability or wrongdoing by Defendant, the allegations are denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT II
### 42 U.S.C. § 2000e-2
### *National Origin Discrimination*
### (Plaintiff as Against All Defendants)

93. Defendant reincorporates its responses to paragraphs 19 through 79 above.

94. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers liability or wrongdoing by the Defendant, the allegations are denied.

95. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers liability or wrongdoing by the Defendant, the allegations are denied.

96. Unknown and therefore denied.

97. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers liability or wrongdoing by the Defendant, the allegations are denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

**COUNT III**
**42 U.S.C. § 2000e-2**
*Hostile Work Environment*
**(Plaintiff as Against All Defendants)**

106. Defendant reincorporates its responses to paragraphs 19 through 79 above.

107. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers any liability or wrongdoing by the Defendant, the allegations are denied.

108. This paragraph is a statement of law; therefore, no response is required. To the extent this allegation infers any liability or wrongdoing by the Defendant, the allegations are denied.

109. Unknown and therefore denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT IV
### 42 U.S.C. § 2000e-3
*Retaliation*
**(Plaintiff as Against All Defendants)**

121.	Defendant reincorporates its responses to paragraphs 19 through 79 above.

122.	This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

123.	Admitted.

124.	Unknown and therefore denied.

125.	Denied.

126.	Denied.

127.	Denied.

128.	Denied.

129.	Denied.

130.	Denied.

131.	Denied.

132.	Denied.

133.	Denied.

134.	Denied.

## COUNT V
### § 760.10(1), Fla. Stat.
*Sex Discrimination*
**(Plaintiff as Against All Defendants)**

135.	Defendant reincorporates its responses to paragraphs 19 through 79 above.

136. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

137. Admitted.

138. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

### COUNT VI
### § 760.10(1), Fla. Stat.
### *National Origin Discrimination*
### (Plaintiff as Against All Defendants)

147. Defendant reincorporates its responses to paragraphs 19 through 9 above.

148. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

149. Unknown and therefore denied.

150. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

**COUNT VII**
**§ 760.10(1), Fla. Stat.**
*Hostile Work Environment*
**(Plaintiff as Against All Defendants)**

159. Defendant reincorporates its responses to paragraphs 19 to 79 above.

160. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

161. Admitted.

162. Unknown and therefore denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

## COUNT VIII
## § 760.10(7), Fla. Stat.
### *Retaliation*
### (Plaintiff as Against All Defendants)

174. Defendant reincorporates its responses to paragraphs 19 through 79 above.

175. This paragraph is a statement of law; therefore, no response is required. To the extent these allegations infer any liability or wrongdoing by the Defendant, the allegations are denied.

176. Admitted.

177. Unknown and therefore denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

## JURY DEMAND

Defendant admits that Plaintiff is demanding a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in Plaintiff's prayer for relief.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint to the extent not expressly admitted.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent that discovery reveals Plaintiff failed to take reasonable steps to mitigate the alleged damages. Plaintiff's interim earnings or amounts she could have earned with reasonable diligence should reduce any back pay and front pay otherwise recoverable by her. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

2. Plaintiff's claims fail, in whole or in part, because all actions of Defendant were in good faith, with good cause, without retaliation or discriminatory motive, malice, or intent to discriminate, and were based on legitimate, non-discriminatory and non-retaliatory grounds.

3. Plaintiff's claims are barred for a failure to exhaust administrative remedies and satisfying all conditions precedent to bringing this action.

4. Defendant expressly denies that Defendant, or any employee under its supervision, acted in a manner that violated Plaintiff's rights. Assuming *arguendo* that Plaintiff's rights were violated by Defendant's employee, such violation occurred outside the scope of employment and without Defendant's consent.

5. Defendant is entitled to the affirmative defense announced in *Faragher v. City of Boca Raton*, 118 S. Ct. 2275 (1998) and *Burlington Industries, Inc. v. Ellerth*, 118 S. Ct. 2257 (1998) because it exercised reasonable care to prevent and promptly correct any retaliatory and/or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any corrective opportunities provided by Defendant or to otherwise avoid harm.

6. To the extent Plaintiff has received benefits from collateral sources or other set offs or recoupments, Plaintiff's claims should be diminished accordingly.

7. Plaintiff's claims may be subject to the doctrine of after-acquired evidence.

8. Plaintiff has failed to state a claim upon which relief can be granted.

9. Neither Plaintiff's protected class, nor the fact that she allegedly engaged in protected activity were the "but for" or motivating factors in the decision to separate her relationship with Defendant.

10. Plaintiff's hostile work environment claims fail because she was not subjected to objectively severe or pervasive harassment, nor did any such alleged harassment culminate in a tangible employment action.

11. Plaintiff's claims are barred, in whole or in part, to the extent the claims alleged exceed the scope of her administrative Charge of Discrimination.

12. Any decision concerning Plaintiff was not based on discrimination and/or retaliation; yet, even if it was (and it was not), Defendant would have reached the same decision absent any alleged discriminatory and/or retaliatory motive.

13. To the extent that any of the individuals alleged to have discriminated and/or retaliated against Plaintiff engaged in any of the conduct alleged in the Complaint, or otherwise acted in a manner that violated Plaintiff's rights and/or caused her harm, which Defendant denies, such actions were outside the scope of such individuals' employment, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

14. Plaintiff is not entitled to recover any compensatory, general, or punitive damages because neither Defendant nor any of its officers, directors, managing agents, managers, members, or employees committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

15. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

16.     Some or all of Plaintiff's claims may be barred by the by the doctrine of estoppel, waiver, unclean hands, and/or laches.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Defenses as the course of investigation and discovery warrants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2024, the foregoing document was served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: */s/* ***Jorge Freddy Perera***
Jorge Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Alexandra C. Hayes
alex@pba-law.com
**PERERA LAW GROUP**
12555 Orange Drive #4107
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Defendant*