UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-61337-SINGHAL/STRAUSS

SANDRA CARDONA,

 Plaintiff,
v.

NUTRITION FORMULATORS, INC
and EMPLOYMENT SOLUTIONS
OF NEW YORK INC.,

 Defendants.
_____/

**DISCOVERY PROCEDURES ORDER**

THIS CAUSE is before the Court upon the referral of all discovery matters in this case by the Honorable Raag Singhal, United States District Judge, pursuant to 28 U.S.C. § 636. The parties are encouraged to carefully review this Order. Failure to comply with any part of this Order may result in the imposition of sanctions upon the parties and/or counsel. It is hereby

**ORDERED AND ADJUDGED** that the parties shall follow the following discovery procedures in this case:

**I.**   **DISCOVERY OBJECTIONS**

**A.**   **Rule 26(b)(1) - Relevance and Proportionality**

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

> the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard. This Court will find such an objection, standing alone, to be meritless. An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

### B. Specific Objections

All objections to discovery requests must be specific. The parties shall not make generalized, vague, or boilerplate objections. Nonspecific objections do not comply with the Federal Rules of Civil Procedure or the Local Rules and will not be sustained by this Court. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); S.D. Fla. L.R. 26.1.

### C. Vague, Overbroad, and Unduly Burdensome

Objections that state that a discovery request is "vague, overbroad, or unduly burdensome" are, standing alone, meaningless, and will be stricken by this Court. If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel **prior to objecting** on vagueness grounds.

An objection that a discovery request is "overbroad," without stating more, is inadequate. If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so and should explain why. Alternatively, if the objector asserts that the request seeks

materials that are relevant but excessive or cumulative, the objection should state that the request is disproportionate and explain why.

If a party believes a discovery request seeks irrelevant information, is disproportionate, or is unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request **before asserting these objections**.[1] The objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested. For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed. Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

A party objecting on any of these grounds must explain the specific and particular way in which a request is vague, seeks irrelevant information, is disproportionate, or is unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); *see also Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (quoting *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome."). Unless impractical, an objection that

---

[1] The parties' conferral before objections are asserted does not obviate the need for the parties to confer again *before* requesting a discovery hearing based on those objections.

ESI discovery based on proposed search terms is unduly burdensome should be supported by evidence (e.g., an affidavit) of the expected number of hits.

## II.    PROCEDURES FOR DISCOVERY DISPUTES

### A.    Conferral

If a discovery dispute arises, counsel must confer by actually speaking to one another (in person or via telephone) and engage in a genuine effort to resolve the discovery dispute before seeking Court intervention.  Conferring via email or text message is not sufficient.  The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes.  As part of their conferral, the parties should specifically discuss **each and every discovery request and objection at issue before seeking Court intervention**.

### B.    Time for Seeking Court Intervention

A party seeking Court intervention regarding a discovery dispute must do so in accordance with the next section (Section C) within **28 days** of when grounds for relief occur.  In other words, parties must comply with Local Rule 26.1(g)(2)(A).  Failure to comply with the time requirements of Local Rule 26.1(g)(2)(A) may result in automatic denial of the relief requested.

**Moreover, absent exceptional, unavoidable circumstances, any party seeking Court intervention regarding a discovery dispute must do so (in accordance with the next section) at least 7 days prior to the discovery cutoff.  Failure to seek Court intervention at least 7 days prior to the discovery cutoff may result in automatic denial of the relief requested.**

### C.    Hearing Procedures

If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the Court may set the matter for a hearing pursuant to the following procedures.

**No written discovery motions**[2] **concerning discovery disputes between parties shall be filed unless specifically authorized by Order.**[3]

The moving party may request a discovery hearing – only after adequate good faith conferral regarding each and every issue – by filing a "Notice of Discovery Dispute" (not a motion). The notice shall **briefly describe (in one or two sentences)** the nature of the discovery dispute (*e.g.*, the type of discovery at issue and the number of requests at issue), shall state the case's discovery deadline, shall briefly describe the efforts made to confer, shall provide the Court with at least three alternative dates within the ensuing two weeks that both counsel are available for a hearing (noting availability on each date as morning, afternoon, or all day), and shall state the amount of time that the parties anticipate needing for the hearing. The notice **shall not include argument** for the moving party's position.[4] The notice shall certify that the moving party has conferred with opposing counsel regarding all issues and **confirmed opposing**

---

[2] Discovery motions encompass any motion seeking relief under Rule 26 or Rule 37, including motions to compel, motions for protective order, and motions for discovery-related sanctions, as well as motions to exclude or strike an expert who was not timely disclosed (which is different from a *Daubert* motion, which is not a discovery motion). A motion to extend time to respond to discovery is also a discovery motion. Rarely, if ever, should a party need to seek Court intervention to address a dispute regarding an extension of time to respond to discovery. The Court expects the parties to agree to reasonable extensions to respond to discovery without seeking Court intervention. Regardless, to be clear, the Procedures for Discovery Disputes in this Order apply to all discovery motions and discovery disputes between the parties.

[3] This procedure does not apply to discovery disputes between a party and a non-party. If a discovery dispute arises between a party and a non-party, a motion may be filed. Any such motion and any response thereto shall be limited to 5 pages or less (double-spaced). No reply may be filed absent separate Court order. In the event any discovery dispute arises with a non-party, the party seeking the discovery shall provide a copy of this Order to the non-party.

[4] Similarly, the opposing party shall not file a response to the notice requesting a hearing. The opposing party shall have an opportunity to present its position in the Joint Discovery Status Report (discussed below) or as otherwise directed by the Court.

**counsel's availability on the proposed dates**.  The Court will then enter an order setting the hearing and/or provide further instructions.

Where there has been a complete failure to respond to discovery by a firm, reasonable deadline, and where counsel has made good faith efforts (without success) to obtain that discovery, counsel need not obtain agreed upon dates from opposing counsel nor provide the joint discovery status report described below.  Rather, the moving party may file a "Notice of Complete Failure to Respond to Discovery" that identifies the discovery at issue (*e.g.*, Plaintiff's First Request for Production), that identifies the deadline by which production was due, and that provides three dates when the moving party is available for a hearing (noting availability on each date as morning, afternoon, or all day).  The Court will generally set the matter for hearing.  The Court will cancel any such hearing upon notice from the moving party that the discovery at issue has been produced.

        D.        **<u>Joint Discovery Status Report</u>**

Unless the Court sets a different timeframe in its order scheduling a discovery hearing, **at least 48 hours** prior to the scheduled hearing, the parties shall confer and file a joint discovery status report.  The parties shall also email a courtesy copy of the joint discovery status report to the Court in Word format.  The joint discovery status report shall set forth, for each unresolved discovery dispute, (1) the verbatim request; (2) the verbatim response; (3) a succinct summary of each party's position (not a memorandum of law); and (4) the result of the parties' meet and confer.  The parties may group the discovery requests by issue, as appropriate.  The information must be presented in chart form as set forth below.  The parties must state their combined positions for a given request/issue **on no more than one page.**

| Request No. [ ]: [VERBATIM REQUEST]  Response:       [VERBATIM  RESPONSE] |||
|---|---|---|
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

Even after the Court has set a hearing, the parties shall continue to make every effort to resolve their discovery disputes, or portions of those disputes, prior to the hearing.  The parties shall contact the undersigned's chambers by email as soon as possible prior to the hearing if the parties have resolved, or narrowed, any of the disputes at issue.

### E. Payment of Attorneys' Fees and Costs or Imposition of Other Sanctions

The Court will construe arguments made at a discovery hearing as *ore tenus* motions to compel or for a protective order and, where warranted, will require payment of the prevailing party's reasonable attorneys' fees and costs incurred in making or defending against the motion, under Fed. R. Civ. P. 37(a)(5).  The Court may also impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification.  *See* Fed. R. Civ. P. 37.

### F. Encouraging Participation by Less-Experienced Lawyers

Ordinarily, only one lawyer for each party may argue at the discovery hearing. Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court.  A party should advise the Court prior to the

beginning of the hearing if a lawyer of 5 or fewer years of experience will be arguing the matter. In that event, the Court will allow multiple lawyers to argue on behalf of that party.

### III.  STIPULATED ORDERS

When the parties have stipulated to the entry of an order, such as a stipulated confidentiality order, the parties shall **file** a **joint motion** for entry of the stipulated order (attaching a copy of the proposed stipulated order). Immediately after the motion is filed, the parties shall email a Word version of the proposed stipulated order to strauss@flsd.uscourts.gov.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of October 2024.

Jared M. Strauss
United States Magistrate Judge