UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-61337-AHS

SANDRA CARDONA,

      Plaintiff,

v.

NUTRITION FORMULATORS, INC., and
EMPLOYMENT SOLUTION OF NEW
YORK, INC.

      Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Employment Solutions of New York, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### INTRODUCTION

1.      Defendant denies the allegations of paragraph 1 of the Complaint.

2.      Defendant acknowledges that Plaintiff is bringing this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"), denies any wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

### PARTIES

3.      Defendant is without knowledge as to the allegations contained in paragraph 3 of the Complaint; therefore, denied.

4.      Defendant admits the allegations of paragraph 4 of the Complaint.

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      Defendant admits the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint.

8.      Defendant admits the allegations of paragraph 8 of the Complaint.

9.      Defendant admits the allegations of paragraph 9 of the Complaint.

10.     Defendant defers to the language of 42 U.S.C. § 2000e(b). All other statements contained in paragraph 10 are denied.

11.     Defendant defers to the language of 42 U.S.C. § 2000e(f). All other statements contained in paragraph 11 are denied.

12.     Defendant defers to the language of Florida Statutes § 760.02(6) and § 760.02(7). All other statements contained in paragraph 12 are denied.

## JURISDICTION AND VENUE

13.     Defendant admits for jurisdiction purposely only, otherwise denied.

14.     Defendant admits for jurisdiction purposely only, otherwise denied.

## ADMINISTRATIVE PREREQUISITES

15.     Defendant is without knowledge as to the allegations contained in paragraph 15 of the Complaint; therefore, denied.

16.     Defendant admits the allegations of paragraph 16 of the Complaint.

17.     Defendant admits the allegations of paragraph 17 of the Complaint.

18.     Defendant admits the allegations of paragraph 18 of the Complaint.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## FACTUAL ALLEGATIONS

19.     Defendant is without knowledge as to the allegations contained in paragraph 19 of the Complaint; therefore, denied.

20.      Defendant admits the allegations of paragraph 20 of the Complaint.

21.     Defendant admits the allegations of paragraph 21 of the Complaint.

22.     Defendant is without knowledge as to the allegations contained in paragraph 22 of the Complaint; therefore, denied.

23.     Defendant denies the allegations of paragraph 23 of the Complaint.

24.     Defendant is without knowledge as to the allegations contained in paragraph 24 of the Complaint; therefore, denied.

25.     Defendant is without knowledge as to the allegations contained in paragraph 25 of the Complaint; therefore, denied.

26.     Defendant is without knowledge as to the allegations contained in paragraph 26 of the Complaint; therefore, denied.

27.     Defendant is without knowledge as to the allegations contained in paragraph 27 of the Complaint; therefore, denied.

28.     Defendant is without knowledge as to the allegations contained in paragraph 28 of the Complaint; therefore, denied.

29.     Defendant is without knowledge as to the allegations contained in paragraph 29 of the Complaint; therefore, denied.

30.     Defendant is without knowledge as to the allegations contained in paragraph 30 of the Complaint; therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

31.     Defendant is without knowledge as to the allegations contained in paragraph 31 of the Complaint; therefore, denied.

32.     Defendant is without knowledge as to the allegations contained in paragraph 32 of the Complaint; therefore, denied.

33.     Defendant is without knowledge as to the allegations contained in paragraph 33 of the Complaint; therefore, denied.

34.     Defendant is without knowledge as to the allegations contained in paragraph 34 of the Complaint; therefore, denied.

35.     Defendant is without knowledge as to the allegations contained in paragraph 35 of the Complaint; therefore, denied.

36.     Defendant is without knowledge as to the allegations contained in paragraph 36 of the Complaint; therefore, denied.

37.     Defendant is without knowledge as to the allegations contained in paragraph 37 of the Complaint; therefore, denied.

38.     Defendant is without knowledge as to the allegations contained in paragraph 38 of the Complaint; therefore, denied.

39.     Defendant is without knowledge as to the allegations contained in paragraph 39 of the Complaint; therefore, denied.

40.     Defendant is without knowledge as to the allegations contained in paragraph 40 of the Complaint; therefore, denied.

41.     Defendant is without knowledge as to the allegations contained in paragraph 41 of the Complaint; therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

42.     Defendant is without knowledge as to the allegations contained in paragraph 42 of the Complaint; therefore, denied.

43.     Defendant is without knowledge as to the allegations contained in paragraph 43 of the Complaint; therefore, denied.

44.     Defendant is without knowledge as to the allegations contained in paragraph 44 of the Complaint; therefore, denied.

45.     Defendant is without knowledge as to the allegations contained in paragraph 45 of the Complaint; therefore, denied.

46.     Defendant is without knowledge as to the allegations contained in paragraph 46 of the Complaint; therefore, denied.

47.     Defendant is without knowledge as to the allegations contained in paragraph 47 of the Complaint; therefore, denied.

48.     Defendant denies the allegations of paragraph 48 of the Complaint.

49.     Defendant is without knowledge as to the allegations contained in paragraph 49 of the Complaint; therefore, denied.

50.     Defendant is without knowledge as to the allegations contained in paragraph 50 of the Complaint; therefore, denied.

51.     Defendant is without knowledge as to the allegations contained in paragraph 51 of the Complaint; therefore, denied.

52.     Defendant is without knowledge as to the allegations contained in paragraph 52 of the Complaint; therefore, denied.

53.     Defendant is without knowledge as to the allegations contained in paragraph 53 of the Complaint; therefore, denied.

54.     Defendant is without knowledge as to the allegations contained in paragraph 54 of the Complaint; therefore, denied.

55.     Defendant is without knowledge as to the allegations contained in paragraph 55 of the Complaint; therefore, denied.

56.     Defendant is without knowledge as to the allegations contained in paragraph 56 of the Complaint; therefore, denied.

57.     Defendant denies the allegations of paragraph 57 of the Complaint.

58.     Defendant denies the allegations of paragraph 58 of the Complaint.

59.     Defendant is without knowledge as to the allegations contained in paragraph 59 of the Complaint; therefore, denied.

60.     Defendant is without knowledge as to the allegations contained in paragraph 60 of the Complaint; therefore, denied.

61.     Defendant is without knowledge as to the allegations contained in paragraph 61 of the Complaint; therefore, denied.

62.     Defendant is without knowledge as to the allegations contained in paragraph 62 of the Complaint; therefore, denied.

63.     Defendant is without knowledge as to the allegations contained in paragraph 63 of the Complaint; therefore, denied.

64.     Defendant is without knowledge as to the allegations contained in paragraph 64 of the Complaint; therefore, denied.

65.     Defendant is without knowledge as to the allegations contained in paragraph 65 of the Complaint; therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

66.     Defendant is without knowledge as to the allegations contained in paragraph 66 of the Complaint; therefore, denied.

67.     Defendant is without knowledge as to the allegations contained in paragraph 67 of the Complaint; therefore, denied.

68.     Defendant denies the allegations of paragraph 68 of the Complaint.

69.     Defendant denies the allegations of paragraph 69 of the Complaint.

70.     Defendant denies the allegations of paragraph 70 of the Complaint.

71.     Defendant denies the allegations of paragraph 71 of the Complaint.

72.     Defendant denies the allegations of paragraph 72 of the Complaint.

73.     Defendant denies any wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

74.     Defendant denies the allegations of paragraph 74 of the Complaint.

75.     Defendant denies the allegations of paragraph 75 of the Complaint.

76.     Defendant is without knowledge as to the allegations contained in paragraph 76 of the Complaint; therefore, denied.

77.     Defendant is without knowledge as to the allegations contained in paragraph 77 of the Complaint; therefore, denied.

78.     Defendant denies the allegations of paragraph 78 of the Complaint.

79.     Defendant denies the allegations of paragraph 79 of the Complaint.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

CASE NO.: 24-cv-61337-AHS

**CAUSES OF ACTION**
**COUNT I**
*42 U.S.C. § 2000e-2*
*Sex Discrimination*
**(Plaintiff as Agent All Defendants)**

80.     Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

81.     Defendant defers to the language of 42 U.S.C. § 2000e-2(a)(1). All other statements contained in paragraph 81 are denied.

82.     Defendant defers to the language of 42 U.S.C. § 2000e-2(m). All other statements contained in paragraph 82 are denied.

83.     Defendant denies the allegations of paragraph 83 of the Complaint.

84.     Defendant denies the allegations of paragraph 84 of the Complaint.

85.     Defendant denies the allegations of paragraph 85 of the Complaint.

86.     Defendant denies the allegations of paragraph 86 of the Complaint.

87.     Defendant denies the allegations of paragraph 87 of the Complaint.

88.     Defendant denies the allegations of paragraph 88 of the Complaint.

89.     Defendant is without knowledge as to the allegations contained in paragraph 89 of the Complaint; therefore, denied.

90.     Defendant denies the allegations of paragraph 90 of the Complaint.

91.     Defendant denies the allegations of paragraph 91 of the Complaint.

92.     Defendant states paragraph 92 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## COUNT II
### *42 U.S.C. § 2000e-2*
### *National Origin Discrimination*

93.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

94.    Defendant defers to the language of 42 U.S.C. § 2000e-2(a)(1). All other statements contained in paragraph 94 are denied.

95.    Defendant defers to the language of 42 U.S.C. § 2000e-2(m). All other statements contained in paragraph 95 are denied.

96.    Defendant denies the allegations of paragraph 96 of the Complaint.

97.    Defendant denies the allegations of paragraph 97 of the Complaint.

98.    Defendant denies the allegations of paragraph 98 of the Complaint.

99.    Defendant denies the allegations of paragraph 99 of the Complaint.

100.    Defendant denies the allegations of paragraph 100 of the Complaint.

101.    Defendant denies the allegations of paragraph 101 of the Complaint.

102.    Defendant is without knowledge as to the allegations contained in paragraph 102 of the Complaint; therefore, denied.

103.    Defendant denies the allegations of paragraph 103 of the Complaint.

104.    Defendant denies the allegations of paragraph 104 of the Complaint.

105.    Defendant states paragraph 105 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## COUNT III
### *42 U.S.C. § 2000e-3*
### *Hostile Work Discrimination*
### **(Plaintiff as Agent All Defendants)**

106.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

107.    Defendant defers to the language of Title VII. All other statements contained in paragraph 107 are denied.

108.    Defendant denies the allegations of paragraph 108 of the Complaint.

109.    Defendant denies the allegations of paragraph 109 of the Complaint.

110.    Defendant denies the allegations of paragraph 110 of the Complaint.

111.    Defendant denies the allegations of paragraph 111 of the Complaint.

112.    Defendant denies the allegations of paragraph 112 of the Complaint.

113.    Defendant denies the allegations of paragraph 113 of the Complaint.

114.    Defendant denies the allegations of paragraph 114 of the Complaint.

115.    Defendant denies the allegations of paragraph 115 of the Complaint.

116.    Defendant denies the allegations of paragraph 116 of the Complaint.

117.    Defendant is without knowledge as to the allegations contained in paragraph 117 of the Complaint; therefore, denied.

118.    Defendant denies the allegations of paragraph 118 of the Complaint.

119.    Defendant states paragraph 119 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

CASE NO.: 24-cv-61337-AHS

## COUNT IV
### *42 U.S.C. § 2000e-3*
### *Retaliation*
### (Plaintiff as Agent All Defendants)

120.     Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

121.     Defendant denies the allegations of paragraph 121 of the Complaint.

122.     Defendant denies the allegations of paragraph 122 of the Complaint.

123.     Defendant denies the allegations of paragraph 123 of the Complaint.

124.     Defendant denies the allegations of paragraph 124 of the Complaint.

125.     Defendant denies the allegations of paragraph 125 of the Complaint.

126.     Defendant denies the allegations of paragraph 126 of the Complaint.

127.     Defendant denies the allegations of paragraph 127 of the Complaint.

128.     Defendant denies the allegations of paragraph 128 of the Complaint.

129.     Defendant denies the allegations of paragraph 129 as it relates to the claim of disparate or improper treatment occurred and based on an improper hypothetical which is contradicted by the evidence.

130.     Defendant denies the allegations of paragraph 130 of the Complaint.

131.      Defendant is without knowledge as to the allegations contained in paragraph 131 of the Complaint; therefore, denied.

132.     Defendant denies the allegations of paragraph 132 of the Complaint.

133.     Defendant denies the allegations of paragraph 133 of the Complaint.

134.     Defendant states paragraph 134 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## COUNT V
### § 760.10(1) Fla. Stat.
### *Sex Discrimination*
### (Plaintiff as Agent All Defendants)

135.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

136.    Defendant defers to the language of the FCRA and §760.10(1)(a), Fla. Stat. All other statements contained in paragraph 136 are denied.

137.    Defendant denies the allegations of paragraph 137 of the Complaint.

138.    Defendant denies the allegations of paragraph 138 of the Complaint.

139.    Defendant denies the allegations of paragraph 139 of the Complaint.

140.    Defendant denies the allegations of paragraph 140 of the Complaint.

141.    Defendant denies the allegations of paragraph 141 of the Complaint.

142.    Defendant denies the allegations of paragraph 142 of the Complaint.

143.    Defendant is without knowledge as to the allegations contained in paragraph 143 of the Complaint; therefore, denied.

144.    Defendant denies the allegations of paragraph 144 of the Complaint.

145.    Defendant denies the allegations of paragraph 145 of the Complaint.

146.    Defendant states paragraph 146 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## COUNT VI
### § 760.10(1) Fla. Stat.
### *National Origin Discrimination*
### (Plaintiff as Agent All Defendants)

147.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

148.    Defendant defers to the language of the FCRA and §760.10(1)(a), Fla. Stat. All other statements contained in paragraph 148 are denied.

149.    Defendant denies the allegations of paragraph 149 of the Complaint.

150.    Defendant denies the allegations of paragraph 150 of the Complaint.

151.    Defendant denies the allegations of paragraph 151 of the Complaint.

152.    Defendant denies the allegations of paragraph 152 of the Complaint.

153.    Defendant denies the allegations of paragraph 153 of the Complaint.

154.    Defendant denies the allegations of paragraph 154 of the Complaint.

155.    Defendant is without knowledge as to the allegations contained in paragraph 155 of the Complaint; therefore, denied.

156.    Defendant denies the allegations of paragraph 156 of the Complaint.

157.    Defendant denies the allegations of paragraph 157 of the Complaint.

158.    Defendant states paragraph 158 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

## COUNT VII
### § 760.10(1) Fla. Stat.
### Hostile Work Environment
### (Plaintiff as Agent All Defendants)

159.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

160.    Defendant defers to the language of the FCRA and §760.10(1), Fla. Stat. All other statements contained in paragraph 148 are denied.

161.    Defendant denies the allegations of paragraph 161 of the Complaint.

162.    Defendant denies the allegations of paragraph 162 of the Complaint.

163.    Defendant denies the allegations of paragraph 163 of the Complaint as it relates to the claim that sexual harassment and discrimination occurred and based on an improper hypothetical which is contradicted by the evidence.

164.    Defendant denies the allegations of paragraph 164 of the Complaint.

165.    Defendant denies the allegations of paragraph 165 of the Complaint.

166.    Defendant denies the allegations of paragraph 166 of the Complaint.

167.    Defendant denies the allegations of paragraph 165 of the Complaint.

168.    Defendant denies the allegations of paragraph 168 of the Complaint.

169.    Defendant denies the allegations of paragraph 169 of the Complaint.

170.    Defendant is without knowledge as to the allegations contained in paragraph 170 of the Complaint; therefore, denied.

171.    Defendant denies the allegations of paragraph 171 of the Complaint.

172.    Defendant denies the allegations of paragraph 172 of the Complaint.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

173.    Defendant states paragraph 173 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

**COUNT VIII**
*§ 760.10(1) Fla. Stat.*
*Retaliation*
**(Plaintiff as Agent All Defendants)**

174.    Defendant re-alleges and incorporates responses to paragraphs 1-79, as if fully set forth herein.

175.    Defendant defers to the language of the FCRA and §760.10(7), Fla. Stat. All other statements contained in paragraph 175 are denied.

176.    Defendant denies the allegations of paragraph 176 of the Complaint.

177.    Defendant denies the allegations of paragraph 177 of the Complaint.

178.    Defendant denies the allegations of paragraph 178 of the Complaint.

179.    Defendant denies the allegations of paragraph 179 of the Complaint.

180.    Defendant denies the allegations of paragraph 180 of the Complaint.

181.    Defendant denies the allegations of paragraph 181 of the Complaint.

182.    Defendant denies the allegations of paragraph 182 of the Complaint as it relates to the claim of disparate or improper treatment occurred and based on an improper hypothetical which is contradicted by the evidence.

183.    Defendant denies the allegations of paragraph 183 of the Complaint.

184.    Defendant is without knowledge as to the allegations contained in paragraph 184 of the Complaint; therefore, denied.

185.    Defendant denies the allegations of paragraph 185 of the Complaint.

186.    Defendant denies the allegations of paragraph 186 of the Complaint.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

187.    Defendant states paragraph 187 of the Complaint does not appear to require a response; however, to the extent this paragraph requires a response, Defendant denies the allegations contained herein.

## JURY DEMAND

Defendant acknowledges Plaintiff's request for a jury trial.

## DEMAND FOR JURY TRIAL

Defendant, pursuant to Fed. R. Civ. P. 38., hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any relief as requested in the WHEREFORE clause and all sub-parts and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Defendant asserts that Plaintiff's termination was based on legitimate, non-discriminatory, and non-retaliatory reasons, including but not limited to Plaintiff's violation of Co-Defendant's Nutrition Formulators, Inc.'s ("Co-Defendant" or "NF") Standard Operating Procedure. As such, Plaintiff did not suffer an adverse employment action as defined under the applicable statutes that was the result of discrimination based on sex or gender or national origin.

2.    Plaintiff fails to state any cause of action upon which relief can be granted against Defendant. Defendant states it did not owe the Plaintiff any duties because the Defendant was not responsible for supervision of Plaintiff during her assignment and employment with Co-Defendant NF. Pursuant to the Employment Solutions Rates and Terms Agreement, Co-Defendant NF "is directly responsible for the supervision of all Employment Solution Employees, while on

assignment to [NF]. [NF] will be responsible for the performance and product of the employee's work." Therefore, Defendant further states it is not an appropriate party to this action.

3.      Defendant was not the cause of any wrongdoing or damages. The Defendant was not responsible for supervision of Plaintiff during her assignment and employment with Co-Defendant NF, and in fact, the Defendant did not supervise the employment relationship.

4.      Defendant states that Defendant and NF operate entirely independently from one another and are therefore not joint employers. They maintain distinct management structures, policies, and business interests, and they are economically self-sufficient.

5.      Plaintiff fails to state a prima facie case for sex discrimination given that Plaintiff's male colleagues were not given preferential treatment by virtue of being male. The decision to terminate Plaintiff was separate and apart from her sex and was based solely on her violation of Co-Defendant NF's Standard Operating Procedure. At the time of Plaintiff's termination, Defendant also terminated another employee for violating NF's Standard Operating Procedure. Moreover, at the time of Plaintiff's termination, Co-Defendant NF also terminated fifteen (15) other employees for violating the same Standard Operating Procedure.

6.      Plaintiff fails to state a prima facie case for discrimination based on national origin given that Plaintiff's colleagues were not given preferential treatment by virtue of being from a different nationality. The decision to terminate Plaintiff was separate and apart from her national origin and was based solely on her violation of Co-Defendant NF's Standard Operating Procedure. At the time of Plaintiff's termination, Defendant also terminated another employee for violating NF's Standard Operating Procedure. Moreover, at the time of Plaintiff's termination, Co-Defendant NF also terminated fifteen (15) other employees for violating the same Standard Operating Procedure.

7.      Plaintiff failed to state any claim for discrimination, hostile work environment, or retaliation for which relief can be granted. Defendant exercised reasonable care to prevent and promptly correct any harassing, discriminatory or retaliatory behavior by providing all employees with an Employee Handbook containing procedures for making complaints, and assertions that harassment, discrimination, or retaliation are not tolerated. Plaintiff unreasonably failed to take advantage of Defendant's procedures for complaints by not complaining about harassment, discrimination, or retaliation directly to Defendant.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's at-will employment status. At all times material hereto, Defendant had the right to terminate Plaintiff's at-will employment with or without cause.

9.      Defendant states Defendant has taken affirmative measures to provide a workplace free from unlawful discrimination and retaliation and has made good faith efforts to comply with equal employment opportunity laws.

10.      Defendant states that while denying all the allegations of the Amended Complaint regarding liability, injuries, and damages allegedly sustained by the Plaintiff, the alleged damages, if any, are too speculative to ascertain. To the extent that Plaintiff may be able to prove any such damages, Defendant states the same arose out of some event, exposure or incident over which Defendant had no control or right to control.

11.      Defendant states that Plaintiff's alleged injuries were caused by the acts, omissions, and fault of a third party, pursuant to Florida Statute §768.81, and liability should be apportioned as such pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) and its progeny.

12.      Defendant asserts that all claims alleged in the Complaint with respect to acts or events occurring more than 300 days before the filing of Plaintiff's administrative charge with the

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

EEOC are barred by the applicable statute of limitations.

13.     The Defendant asserts that all claims alleged in the Complaint that were not included in Plaintiff's charge filed with the EEOC are barred because of the failure to satisfy the statutory prerequisites.

## RESERVATION OF CLAIM FOR ATTORNEYS' FEES

To the extent that Defendant is the prevailing party on any or all of the claims asserted as part of this lawsuit, Defendant reserves its right to seek its attorneys' fees and costs associated with defending this lawsuit from Plaintiff. Fla. Stat. § 448.104; *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306 (11th Cir. 2007).

WHEREFORE, the Defendant, EMPLOYMENT SOLUTION OF NEW YORK, INC., demands Judgment against the Plaintiff for costs and, reasonable attorneys' fees as allowed by the law, and all other damages which this Court deems just and equitable and further demands a trial by jury of all issues so triable as of right by jury.

*[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156

CASE NO.: 24-cv-61337-AHS

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 10th day of October, 2024, a true and correct copy of the

foregoing was filed with the Clerk of Southern District County by using the Florida Courts e-Filing

Portal, which will send an automatic e-mail message to the parties registered with the e-Filing

Portal system.

<blockquote>

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant *EMPLOYMENT SOLUTION
OF NEW YORK, INC.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 333156
Telephone (786) 268-6415
Facsimile (561) 683-8977
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: gabriela.lazaro@csklegal.com
Alternate e-mail:  paola.valdes@csklegal.com


By:  */s/ Cody German*
    CODY GERMAN
    Florida Bar No.:  58654
    GABRIELA LAZARO
    Florida Bar No.: 123588

</blockquote>

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD, SUITE 1400, MIAMI, FLORIDA 33156