**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SANDRA CARDONA,

       Plaintiff,                              CASE NO.: 0:24-cv-61337-AHS

    v.

NUTRITION FORMULATORS, INC., and
EMPLOYMENT SOLUTIONS OF
NEW YORK, INC.,

       Defendants.
_____/

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff, SANDRA CARDONA ("Plaintiff" and/or "Ms. Cardona"), by and through their undersigned counsel, hereby makes the following initial disclosures:

**I.**    **Preliminary Statement**

1. This disclosure statement is submitted without waiver of any applicable privilege or protection from disclosure, such as the attorney-client and/or work-product privileges.

2. Plaintiff reserves the right to object to discovery and/or admissibility at trial of any information contained in or derived from this disclosure statement.

3. Plaintiff does not concede the relevancy of any information contained in or derived from this disclosure statement.

4. Plaintiff reserves the right to rely upon the individuals identified in this disclosure statement for subjects other than those identified herein for any reason, including, but not limited to, responding to Defendant's disclosures, discovery requests, evidence, and testimony.

1

5. Plaintiff reserves the right to supplement these disclosures if and when additional responsive information becomes available.

6. Plaintiff reserves her right to rely upon those individuals and documents identified in Defendant's disclosure statement.

II. **Names and Addresses of Persons Likely to Have Discoverable Information Relating to Claims or Defenses**

Plaintiff reasonably believes that the following individuals may have knowledge or information that Plaintiff will rely on to support her claims:

| | |
|---|---|
| **Sandra Cardona, Plaintiff**<br>c/o Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, Florida 33131 | Plaintiff has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after Plaintiff's employment. |
| **Nutrition Formulators, Inc., Defendant**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Defendant Nutrition Formulators, Inc.'s Corporate Representative likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Employment Solutions of New York, Inc., Defendant**<br>c/o Cole, Scott & Kissane, P.A.<br>9150 South Dadeland Blvd., Suite 1400<br>Miami, Florida 33156 | Defendant Employment Solutions of New York, Inc.'s Corporate Representative likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Jackie Marino**<br>c/o Cole, Scott & Kissane, P.A.<br>9150 South Dadeland Blvd., Suite 1400<br>Miami, Florida 33156 | Jackie Marino likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Maria Pilar Datri**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Maria Pilar Datri likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |

| | |
|---|---|
| **Fabiana Santaella**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Fabiana Santaella likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Octavian Ion**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Octavian Ion likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Enrique (LNU)**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Enrique (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Osviel Hernandez Rodriguez**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Osviel Hernandez Rodriguez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Osniel Gonzalez**<br>Address Unknown | Osniel Gonzalez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Zaida Gimeno-Shotts**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Zaida Gimeno-Shotts likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Susel Diaz**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Susel Diaz likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Rydel Martinez**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Rydel Martinez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Adrian Sotolongo**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Adrian Sotolongo likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |

|  |  |
|---|---|
| **Yordania (LNU)**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Yordania (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Bertico (LNU)**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Bertico (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Lazaro (LNU)**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Lazaro (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Joel (LNU)**<br>c/o Perera Law Group, P.A.<br>12555 Orange Drive, Suite 4107<br>Davie, FL 33330 | Joel (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Complaint, and treatment of similarly situated employees. |
| **Diego Castañeda**, Plaintiff's Spouse<br>c/o Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, Florida 33131 | Diego Castañeda likely has knowledge regarding Plaintiff's employment, the claims alleged in the Complaint, and Plaintiff's emotional distress and damages incurred. |
| **Ximena Castro**<br>Colombia | Ximena Castro likely has knowledge regarding Plaintiff's employment, the claims alleged in the Complaint, and Plaintiff's emotional distress and damages incurred. |
| All impeachment and rebuttal witnesses. |  |
| All witnesses identified by Defendant Nutrition Formulators, Inc. in its Initial Disclosures. |  |
| All witnesses identified by Defendant Employment Solutions of New York, Inc. in its Initial Disclosures. |  |

4

| All witnesses identified by Plaintiff and/or Defendants throughout the course of discovery in this matter. | |

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

**III.  Documents**

Based on a reasonable investigation to date, Plaintiff identifies the following categories of documents, electronically stored information, and tangible things that are in the possession, custody, or control of Plaintiff and may be used to support Plaintiff's claims, unless the use would be solely for impeachment:

1. Plaintiff's personnel file and other employment-related records, including, but not limited to, Plaintiff's job description, and documents related to Plaintiff's compensation and benefits, leaves, and termination of employment.

2. All employment documents given to Plaintiff by Defendants.

3. Defendants' employment policies and procedures, including policies and procedures pertaining to discrimination, harassment, and/or retaliation.

4. Documents pertaining to correspondence, emails, and text messages exchanged between Plaintiff and Defendants, including any of Defendants' employees.

5. Documents obtained during the investigation by any administrative agency, including the U.S. Equal Employment Opportunity Commission, Florida Commission on Human Relations, or local fair employment practices agency.

6. Documents pertaining to Plaintiff's mitigation of damages, including job application materials.

7. Plaintiff's medical records.

8. Documents pertaining to comparator employees, including all employment-related records for the comparator employees.

9. Documents produced in response to subpoenas or public records requests.

10. All pleadings on file with the Court and/or exchanged between parties in this action.

5

11. All discovery which has or will be produced by Plaintiff and Defendant in this action.

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

## IV.     Damages

Based on a reasonable investigation to date, Plaintiff identifies the following categories of damages that Plaintiff has incurred as a result of Defendant's unlawful conduct. These damages include, but are not limited to, economic losses, non-economic losses, and any other damages permitted under applicable law. The following summary represents Plaintiff's good faith estimate of the damages incurred, which may be supplemented or amended as additional information becomes available through the course of discovery:

1. **Lost Wages:** While she was employed by Defendants, Plaintiff worked an approximate average of 37 regular hours per week paid at $18.00 per hour.

   Defendant unlawfully terminated Plaintiff on September 14, 2023. Despite her best and continued efforts, Plaintiff was unable to secure permanent employment until she began working for Sentry Manufacturing, Inc. ("Sentry") on or around October 29, 2023. Plaintiff is seeking lost wages for this approximately 6-week period. Plaintiff estimates this amount to be approximately $4,298.40.

   Plaintiff is also seeking lost wages for the difference in income between her employment with Sentry Manufacturing, Inc., and the income she would have generated from her employment with Defendants but for her unlawful termination. Plaintiff works an approximate average of 36.9 regular hours per week paid at $15.50 per hour. Plaintiff makes $2.50 less per hour in her current role. She has made at least $2.50 less per hour from the onset of her employment with Sentry. To date, she has worked approximately 1,985 non-overtime hours for Sentry, resulting in a loss of approximately $4,962.50.

   Accordingly, to date, Plaintiff is seeking lost wages in the total amount of approximately $9,260.90.

   This amount does not include bonuses, commissions, health insurance benefits, retirement benefits, and expected raises.

    Plaintiff reserves the right to seek lost wages up until the date of trial. Plaintiff also reserves the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.

2. **Emotional Distress Damages:** Plaintiff claims emotional distress damages of $1,500,000.00. This amount reflects damages that a jury might award based on the severe emotional distress Plaintiff has suffered as a result of working for the Defendants.

3. **Punitive Damages:** Plaintiff also claims punitive damages in the amount of $3,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experience and the Defendants' willful conduct.

4. **Attorney's Fees:** Plaintiff will also seek attorney's fees as a prevailing party.

Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

### V.  Insurance

Not applicable.


Dated:  Miami, Florida  
       October 25, 2024

**DEREK SMITH LAW GROUP, PLLC**  
*Counsel for Plaintiff*

/s/ Daniel J. Barroukh  
Daniel J. Barroukh, Esq.  
Florida Bar No.: 1049271  
Derek Smith Law Group, PLLC  
520 Brickell Key Drive, Suite O-301  
Miami, FL 33131  
Tel: (786) 688-2335  
Fax: (305) 503-6741  
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on October 25, 2024, on all counsel of record on the service list below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**PERERA LAW GROUP, P.A.**

J. Freddy Perera, Esq.
Florida Bar No. 93625
Email: freddy@pba-law.com
Brody M. Shulman
Florida Bar No. 92044
Email: brody@bpa-law.com
PERERA LAW GROUP, P.A.
12555 Orange Drive, Suite 4107
Davie, FL 33330
Telephone: (786) 485-5232

*Attorneys for Defendant Nutrition Formulators Inc.*

**COLE, SCOTT & KISSANE, P.A.**

Cody German, Esq.
Florida Bar No. 58654
Email: cody.german@csklegal.com
Gabriela S. Lazaro, Esq.
Florida Bar No. 123588
Email: gabriela.lazaro@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone 305-663-7058 ext 6922
Facsimile 305-373-2294

*Attorneys for Defendant Employment Solutions of New York, Inc.*