UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANDRA CARDONA,

        Plaintiff,

Case No.: 0:24-cv-61337-AHS

v.

NUTRITION FORMULATORS, INC., and
EMPLOYMENT SOLUTIONS OF NEW
YORK, INC.,

        Defendants.
_____/

**JOINT DISCOVERY STATUS REPORT**

Plaintiff, SANDRA CARDONA ("Plaintiff"), and Defendant, NUTRITION FORMULATORS, INC., ("NFI" or "Defendant") (collectively the "Parties"), pursuant to this Court's Orders at D.E. 14 and D.E. 25, hereby file this Joint Discovery Status Report regarding compliance with the Court's Discovery Procedures Order, and state as follows:

[SPACE INTENTIONALLY LEFT BLANK]

| Request No. 1: Plaintiff requests this Court enter a Protective Order preventing Defendant Nutrition Formulators, Inc. from serving a non-party subpoena *duces tecum* on AT&T Wireless.<br><br>Response: . Plaintiff has no standing for the requested relief. A protective order that limits access to relevant evidence can compromise its ability to mount an effective defense. | | |
|---|---|---|
| Movant's Position:<br><br>Plaintiff maintains that NFI's anticipated non-party subpoena *duces tecum* to AT&T Wireless is 1) not relevant, as the records generated would not support or reject Plaintiff's claims, 2) an invasion of Plaintiff's privacy, 3) not a less-intrusive means of obtaining the desired information, and 4) characteristic of a fishing expedition. Plaintiff's private information, even that which precedes her employment with Defendants, is being requested. Plaintiff requested Defendant narrow the scope, but Defendant refused. Importantly, Plaintiff did not allege in her complaint that she was subjected to discrimination, harassment, or retaliation telephonically, nor did she allege in her complaint that she reported discrimination, harassment, or retaliation telephonically. Plaintiff has explained that she is willing to engage in further discovery, give a deposition, and provide additional information if asked, rather than for Defendant to have seemingly unlimited access to all of her telephone records from even before she became an employee of Defendants. | Opponent's Position:<br><br>NFI asserts that the Plaintiff lacks the standing to contest the non-party subpoena duces tecum directed at AT&T Wireless, as she holds no personal right or privilege concerning her cellphone records. The information being sought does not pertain to the content of any phone calls or text messages made or received by the Plaintiff. Rather, the subpoena specifically requests the date and time of calls, the phone numbers involved, and the duration of these calls. The information is relevant because Plaintiff has made allegations in her complaint, that: 1)NFI's agents made promises to her regarding her alleged employment (refer to D.E. No. 1 at ¶¶ 22, 61, and 67); 2) that she had conversations with other individuals about Mr. Gonzalez and the alleged harassment, including discussions with co-workers, managers, and her cousin (*see id*. at ¶¶ 33-40, 54, 66). Yet, despite these allegations, the Plaintiff has not produced any evidence of communication with her cousin, Mr. Gonzalez, or NFI's agents during the discovery process. During the conferral, the undersigned agreed to limit the request of the subpoena to the relevant timeframe of June 1, 2023, to September 30, 2023. | |

2

| | | |
|---|---|---|
| Request No. 2: Plaintiff requests this Court enter a Protective Order preventing Defendant Nutrition Formulators, Inc. from serving non-party subpoenas *duces tecum* on Plaintiff's subsequent and current employers.<br><br>Response: Plaintiff's Request should be denied because Plaintiff's subsequent employment records are both relevant and proportional to the Plaintiff's claims and NFI's rights to establish its defenses outweigh the Plaintiff's privacy rights. | | |
| Movant's Position:<br>Plaintiff maintains that NFI's anticipated non-party subpoenas *duces tecum* to Plaintiff's subsequent and current employers are 1) not relevant, as the records requested do not seek relevant information, 2) an invasion of Plaintiff's personal interest in her employment records, 3) not a less-intrusive-means of obtaining the desired information, 4) characteristic of a fishing expedition, and 5) harassing. Importantly, Plaintiff has expressed a willingness to give a deposition and answer any questions related to her subsequent and current employment to avoid involving her former and current employers in this matter. Plaintiff fears that subpoenaing her subsequent and current employers may impact her present and future employment and will serve to harass her. Defendant NFI's broad-brush request for information regarding Plaintiff's subsequent and current employment is a mere fishing expedition without proper justification. | Opponent's Position:<br>The subpoenas clearly seek documents that are directly relevant to the Plaintiff's claims for damages, including lost wages and benefits, and the question of whether she mitigated her damages.<br>Despite Plaintiff's representations that she is willing to provide any requested information regarding subsequent employment, during discovery, Plaintiff has only provided a total of four (4) paystubs for the entire relevant period from September 30, 2023, through the present.<br><br>Additionally, these documents are pertinent and proportional to Plaintiff's claim for emotional damages, as they may yield crucial evidence regarding other factors contributing to or causing the Plaintiff's alleged emotional distress.<br>NFI is entitled to proceed with this discovery to ensure that all relevant information is considered. In cases like this, the relevance and proportionality of the requested records significantly outweigh the Plaintiff's privacy rights. | |

**Result of the Parties' Meet and Confer**

As a result of the parties' telephonic meet and confer, each party supplemented their position with additional case law and argument to support their positions. Ultimately the parties were unable to reach a resolution following their detailed discussions.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff Sandra Cardona*


/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com


**PERERA LAW GROUP, P.A.**
*Counsel for Defendant Nutrition Formulators, Inc.*

/s/Nathaly Saavedra
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
nathaly@pba-law.com

**PERERA LAW GROUP, P.A.**
12555 Orange Drive, #4107
Davie, Florida 33330
Telephone: 786-485-5232

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on this 9th day of January, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**PERERA LAW GROUP, P.A.**

J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
nathaly@pba-law.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, #4107
Davie, Florida 33330
Telephone: 786-485-5232

*Attorneys for Defendant Nutrition Formulators, Inc.*

**COLE, SCOTT & KISSANE, P.A.**

Cody German, Esq.
Florida Bar No. 58654
Email: cody.german@csklegal.com
Gabriela S. Lazaro, Esq.
Florida Bar No. 123588
Email: gabriela.lazaro@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone 305-663-7058 ext. 6922
Facsimile 305-373-2294
*Attorneys for Defendant Employment Solutions of New York, Inc.*