AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Sandra Cardona | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 0:24-cv-61337 AHS |
| NUTRITION FORMULATORS, INC., et al | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Sentry Manufacturing, Inc.
c/o NRAI Services Inc., Registered Agent 1200 South Pine Island Road Plantation, FL, 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attachment "A"

| Place: Perera Law Group | Date and Time: |
| c/o J. Freddy Perera, Esq. | |
| 12555 Orange Drive, #4107 Davie FL 33330 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Nutrition Formulators, Inc. , who issues or requests this subpoena, are:

Perera Law Group, 12555 Orange Drive #4107 Davie, FL 33330, freddy@pba-law.com, nathaly@pba-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:24-cv-61337 AHS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-61337-AHS

SANDRA CARDONA,

   Plaintiff,

vs.

NUTRITION FORMULATORS, INC, et al

   Defendants.

_____/

**ATTACHMENT "A"**

**I.  INSTRUCTIONS**

1. You shall specify which documents are produced in response to each of the numbered paragraphs. If any document herein requested was formerly in your possession, custody, or control and is no longer in your possession or has been lost or destroyed, you are requested to submit in lieu of each document a written statement that:

   a. describes in detail the nature of the document and its contents;
   b. identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent
   c. specifies the date on which the document was prepared or transmitted or both; and
   d. specifies, if possible, the date on which the document left your possession, or was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

2. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1 | P a g e

**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

   a. the nature of the privilege claimed (including work product);
   b. if the privilege being asserted is in connection with a claim or privilege governed by state law, the state law privilege rule being invoked;
   c. the date of the document or oral communication;
   d. if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, addressee and, if not apparent, the relationship between the author and addressee;
   e. if an oral communication: the place where it was made, the names of the persons present while it was made and, if not apparent, the relationship of the persons present to the declarant; and
   f. the general subject matter of the document or oral communication.

3. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.
4. Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as is necessary to make any paragraph more, rather than less, inclusive.

## II.   DEFINITIONS

1. "You" or "your" means Sentry Manufacturing Inc, and its subsidiaries, divisions, predecessors, officers, agents, managers, sales representatives, marketing agents, and all other persons and/or employed personnel acting or purporting to act on behalf of it and/or its subsidiaries or predecessors, including all past or present employees, sales or other representatives, and agents exercising discretion in making policies or decisions.

2. "Cardona" means the Plaintiff in the above referenced Action, Sandra Cardona, and her agents, representatives, attorneys, accountants, and other persons acting or purporting to act on her behalf
3. "Communication" shall mean any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or other transfer of thoughts or ideas between persons by any means.
4. "Agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.
5. "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank creditor debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, images, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals,

**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

6. "And" as used herein is a term of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

7. "All" means "any" and "all."

8. Unless otherwise indicated, the time period covered by this Subpoena is from September 1, 2023, to the date of your response (the "Relevant Period").

### III.  DOCUMENTS TO BE PRODUCED

**Name: Sandra Cardona**

**Date of Birth: 12/25/1974**

**Social Security #: XXX-XX-4722**

**Email: spaolacardona@hotmail.com**

You are subpoenaed to provide a complete copy of all documents relating or pertaining to the application for employment of Sandra Cardona, the above-named individual, for the Relevant Period including, but not limited to:

1. All applications for employment, resumes, and curriculum vitae you received from or on behalf of Cardona.
2. All interview notes, application reviews, or other documents regarding Cardona's application for employment.
3. Any communications, including email correspondence, regarding your consideration of Cardona's employment application.
4. Job description for every position Cardona applied for or was considered for.
5. Any documents regarding your decision to hire or not to hire Cardona.
6. Job description for every position Cardona held during the Relevant Period.
7. The complete personnel file of Cardona, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, and any complaints or reports about her made by your Agents, or third party (including all communications with any supervisors, managers and Human Resources representatives).
8. Any communications, including email correspondence regarding Cardona's performance.
9. All other written documentation in your possession regarding Cardona.

## **AFFIDAVIT OF CUSTODIAN OF RECORDS OF SENTRY MANUFACTURING INC.**

BEFORE ME, the undersigned authority, personally appeared _____ who, being duly sworn by me, deposed as follows:

1. **Authority:**

   I am a duly authorized custodian of the records of Sentry Manufacturing Inc, with authority to certify to the authenticity and accuracy of the records produced with this Affidavit.

2. **Records:**

   The records produced herewith by Sentry Manufacturing Inc, are original documents or are true copies of records of a regularly conducted business activity that:

   a. Were made at or near the time of the occurrence of the matters set forth, by a person with knowledge of those matters.

   b. Were made and kept in the course of the regularly conducted business activity by Sentry Manufacturing Inc, personnel or by persons acting under their control; and

   c. Were made and kept by Sentry Manufacturing Inc, as regular practice, at or about the time of the act, condition or event recorded.

3. **Production:**

   (Select One)

   _____The records produced herewith (together with any records produced by Sentry Manufacturing Inc, previously in response to the subject request, order, or subpoena) constitute a complete production of records responsive to the subject request, order, or subpoena (or a complete production under the terms of the subject request, order, or subpoena as subsequently limited by the issuer).

OR

_____A thorough search has been conducted and no records could be located that respond to the subject request, order, or subpoena.

DATE: _____

SIGNATURE: _____

The above-named custodian of records of <u>Sentry Manufacturing Inc</u>, is known to me (or satisfactorily proven) to be the person who subscribed to the within document and acknowledged to me that he/she executed the same for the purposes stated therein.

_____ Signer is personally known to me.

or

_____ Signer has produced the following identification: _____

In witness thereof I have set my hand and official seal this \_\_\_\_\_ day of _____, 2024.

_____
Signature of NOTARY PUBLIC in and for
State of _____
County of _____
City of _____
My commission expires: _____