UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-61337-SINGHAL/STRAUSS

**SANDRA CARDONA,**

      Plaintiff,

v.

**NUTRITION FORMULATORS, INC
and EMPLOYMENT SOLUTIONS
OF NEW YORK INC.,**

      Defendants.

_____/

**DISCOVERY ORDER**

**THIS MATTER** came before the Court for a hearing on January 16, 2025, upon Plaintiff's *Ore Tenus* for a Protective Order ("Motion"). Plaintiff seeks to prevent Defendant Nutrition Formulators, Inc. from serving several non-party subpoenas to Plaintiff's telephone service provider as well as her subsequent and current employers. For the reasons stated on the record at the hearing, and below, it is **ORDERED** and **ADJUDGED** that the Motion is **GRANTED**.

A party does not have standing to challenge a non-party subpoena on the basis of irrelevancy under Federal Rule of Civil Procedure 45(d)(3). *Mt. Hawley Ins. Co. v. Plymouth Plaza, LLC*, No. 0:22-CV-62333, 2023 WL 8678893, at *1 (S.D. Fla. Nov. 6, 2023). However, a party "does have standing to move for a protective order under Rule 26(c)(1) to challenge the relevancy of information sought by the non-party subpoenas." *Id.*; *see also Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Although Defendants have limited standing to quash the subpoenas pursuant to Rule 45, Defendants' motion to quash also is based on Rule 26. The Court may . . . deem Defendants' motion to quash as a motion for a

protective order under Rule 26(c)."). Moreover, Rule 26(b)(2)(C) states that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Here, Nutrition Formulators' non-party subpoena to Plaintiff's telephone service provider, as currently worded, seeks a wide swath of information that is neither relevant nor proportional to the needs of the case. For example, Nutrition Formulators requests "All phone records, phone statements, and/or any other document that evidences all calls placed and/or received by [Plaintiff's telephone number], the time and date of each call, and the length of each call during the Relevant Period." [DE 26–1] at 8. Essentially, Nutrition Formulators is asking the non-party to turn over a record of every single phone call and text message Plaintiff made or received for months without any limiting language taking into account the relevancy or proportionality of such a large batch of information.

Nutrition Formulators argues that this information is relevant to disproving Plaintiff's allegations that she had conversations with supervisors and co-workers regarding the harassment she alleges she suffered during her employment. However, Plaintiff states (and is willing to attest through a sworn discovery response) that none of these alleged conversations occurred by telephone or text message. Thus, Plaintiff is willing to accede to the absence of records that Nutrition Formulators suspects it would find, making the subpoena at the very least disproportionate to the needs of the case. While the Complaint does specifically refer to one phone

call in September of 2023, the subpoena as currently worded is far too broad – and thus disproportionate – for addressing this single alleged phone call.

Nutrition Formulators' proposed non-party subpoenas to Plaintiff's subsequent and current employers suffer similar deficiencies. Nutrition Formulators should be able to seek information about Plaintiff's wages and earnings that would constitute relevant information in calculating any lost wage damages Plaintiff may be asserting, as well as information that Nutrition Formulators reasonably believes exist that bear on as the extent (and source) of any alleged emotional damages. Specific records showing whether Plaintiff described Nutrition Formulators as her prior employer may also be relevant. But, Nutrition Formulators' subpoenas as currently worded are far too broad and skew towards requests that would be irrelevant to the case. For example, in one of the subpoenas, Nutrition Formulators seeks, "Any communications, including email correspondence, with [Plaintiff]," "All diaries, notes, calendar references, statements, recordings, or other written materials prepared by you or under your supervision which in any way relate to [Plaintiff]," and fourteen other requests. [DE 26–2] at 9–10. These requests, and others in the subpoenas, range far beyond the limited areas of relevance Nutrition Formulators has articulated, making the discovery sought by the subpoenas disproportionate to the needs of the case. Therefore, Plaintiff's Motion is **GRANTED**.[1]

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 16th day of January 2025.

Jared M. Strauss
United States Magistrate Judge

---

[1] As explained during the discovery hearing, I do find that if Nutrition Formulators writes a more narrowly-tailored subpoena, there are some areas within which Nutrition Formulators is entitled to seek discovery from the third-parties. The Court expects all parties to further confer on discovery disputes and come to a reasonable compromise on such information sought.