UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANDRA CARDONA,

        Plaintiff,

v.

NUTRITION FORMULATORS, INC., and
EMPLOYMENT SOLUTIONS OF NEW
YORK, INC.,

        Defendants.
_____/

Case No.:  0:24-cv-61337-AHS

**AMENDED JOINT DISCOVERY STATUS REPORT**

Plaintiff, SANDRA CARDONA ("Plaintiff"), and Defendant, NUTRITION FORMULATORS, INC. ("NFI" or "Defendant") (collectively the "Parties"), pursuant to this Court's Orders at ECF Nos. 14, 34, and 36, hereby file this Amended Joint Discovery Status Report and state as follows:

[THIS SPACE INTENTIONALLY LEFT BLANK]

| Request No. 1: Plaintiff requests this Court compel defendant NFI to produce plaintiff's entire personnel file. In support of her position, Plaintiff has attached the transcript of the corporate representative, Fabiana Santaella, hereto as Schedule A.<br><br>Response: NFI produced Plaintiff's entire personnel file on December 16, 2024. (NFI 00015- 000021). | | |
|---|---|---|
| Movant's Position:<br><br>Plaintiff maintains that NFI has failed to produce Plaintiff's entire personnel file throughout the course of discovery, despite plaintiff's discovery requests and conferral attempts. On 1/1/24, Plaintiff propounded her Requests for Production, including a request seeking the contents of Plaintiff's personnel file. On 12/16/24, NFI responded to this request that "Plaintiff was not an NFI employee and, therefore, did not have an employment personnel file." Counsel for the parties conferred and there was no indication that NFI's position changed as to the personnel file. On 3/18/25, Plaintiff's counsel deposed NFI's corporate representative, Fabiana Santaella. At deposition, Fabiana was asked, "Fabiana, do you still have access to Sandra Cardona's personnel file sitting here today?" to which she responded, "Yes." Santaella TR 36:3-4. Fabiana confirmed the existence of a personnel file for Plaintiff and explained that there were many relevant documents in the folder, which NFI has refused to produce, including documents related to her employment and termination. *Id*. at TR:33:14-25, TR 34:13-23, TR 35:6-9. Plaintiff ordered the transcript and received | Opponent's Position:<br><br>NFI submitted its responses to discovery on December 16, 2024. On January 9, 2025, Plaintiff's counsel initiated a discovery conferral, identifying, not explaining why specific responses were deemed deficient.<br><br>During a telephone conferral on January 17, 2025, Plaintiff's counsel indicated that they no longer had issues with NFI's Response to RFP No. 26.<br><br>Plaintiff's current objections to NFI's Response to RFP No. 26 are grossly untimely. More than 3 ½ months have passed since Plaintiff provide the relevant response. *See* S.D. Fla. L.R. 26.1<br><br>Furthermore, there is no foundation for the alleged issue Plaintiff now wants the Court to address after the discovery deadline has expired.<br><br>Plaintiff was given an assignment to work at NFI by Defendant Employment Solutions. It is undisputed that Plaintiff—who rendered assignee services for less than 3 months—was never registered as an NFI employee. NFI did not maintain an employment-based personnel file for Plaintiff. Instead, | |

| | |  |
|---|---|---|
| it on 3/28/25 to confirm the testimony. | NFI maintained a contractor/assignee personnel file.<br>NFI's Corporate Representative testified about the differences between what is ordinarily kept in an employee personnel file and what is ordinarily kept in the more limited contractor/assignee personnel file.<br><br>Nevertheless, NFI *has fully produced the only personnel file ever kept for Plaintiff*. Nothing was withheld from the personnel file and there is nothing left to be produced from the personnel file.<br><br>Nothing in NFI corporate representative's deposition transcript supporting Plaintiff's position that NFI has withheld any documents in Plaintiff's file. | |

| | |
|---|---|
| Request No. 2: Plaintiff requests this Court compel defendant to produce, absent a confidentiality agreement, documentation responsive to Requests for Production numbered 1, 3, 9, 10, 11, 21, 22, 23, 24 and 26, which have been set forth verbatim together with Defendant's verbatim responses in Schedule B attached hereto. | |
| Response: NFI produced all responsive documentation to Plaintiff. NFI voluntarily produced relevant confidential documents not properly captured by Plaintiff's discovery requests without Plaintiff agreeing to a standard Confidentiality Agreement. | |

| Movant's Position: | Opponent's Position: |
|---|---|
| On 11/1/24, Plaintiff propounded discovery on NFI. On 12/16/24, NFI provided its responses. On 3/19/25, Defendant's counsel stated that "we will consider voluntarily producing extra documents." On 3/28/25, the final day of discovery, NFI's counsel explained there were more responsive documents that were to be produced, but Plaintiff must first enter into a confidentiality agreement. This was the first and only time any objections were made to Plaintiff's discovery requests on the basis of confidentiality, or that NFI was withholding documents on the basis of confidentiality. On 3/28/25, at 5:50 P.M., NFI produced some of the documentation that pertains to Plaintiff's employment and termination. These documents have been largely redacted, and NFI has not stated whether they are withholding any further documentation on the basis of this objection. NFI has further failed to classify any of the claimed confidential documents. Again, these documents presumably relate to Plaintiff's employment and termination and are responsive to some of the Plaintiff's document requests but | Plaintiff's discovery requests reveal a pattern of inartful discovery drafting. One of the primary issues is that the requests are repeatedly tied to "employment" documents.<br><br>The issues with Plaintiff's discovery requests and NFI's corresponding objections did not entitle Plaintiff to the documents it now claims—for the very first time—are at issue (the "Documents"). Plaintiff never raised an issue about the Documents. Plaintiff is attempting to inject a non-existent issue long after the deadline set forth in S.D. Fla. L.R. 26.1 and after the discovery deadline.<br><br>Nevertheless, NFI produced many documents it was not required to produce.<br><br>NFI manufactures/encapsulates pills and other products. It is in a highly regulated industry. NFI has drafted detailed, confidential documents to comply with its legal obligations and ensure high quality production.<br><br>Without waiving any objections, NFI advised Plaintiff that it would be willing to voluntarily produce certain sensitive documents to help Plaintiff understand the deficient nature of her |

4

| | | |
|---|---|---|
| were not provided during discovery. | substantive allegations. NFI sent Plaintiff a standard confidentiality agreement to help facilitate the production. Plaintiff refused to provide any proposed revisions to the confidentiality agreement.<br><br>Sensing that Plaintiff may be attempting to delay the proceedings, NFI nonetheless still produced the documents in good faith, marked them as confidential, and redacted the portions that do not relate to Plaintiff.<br><br>In exchange, NFI is only asking that Plaintiff not distribute the sensitive material to third parties, use the material for any reason other than as part of this action, or file the material in the public record. | |

| Request No. 3: Plaintiff requests this Court allow plaintiff to continue the deposition of defendant NFI's corporate representative, Fabiana Santaella ("Fabiana"). |||
|---|---|---|
| Response: Plaintiff improperly and prematurely terminated the deposition of NFI's corporate representative despite not having a basis to do so, failing to complete the examination on all topics Plaintiff claimed there was no discovery dispute over, and now seeking to continue the deposition after the discovery deadline. |||
| Movant's Position: <br><br>On March 18, 2025, Plaintiff's counsel deposed Fabiana, whose testimony contradicted some of NFI's discovery responses. Per Fabiana's testimony, Defendant had a personnel file for Plaintiff that stored crucial, relevant, and responsive documentation that should have been produced by the date of the corporate representative's deposition. Once Plaintiff's counsel recognized the disparity between Fabiana's testimony and the discovery responses, which Fabiana assisted in answering, Plaintiff's counsel requested those records be produced so the deponent may be asked about them. To be clear, Plaintiff was terminated for allegedly violating Standard Operating Procedures ("SOPs"), but Defendant has not produced the SOPs Plaintiff allegedly signed, a report of Plaintiff's violation of the SOPs, and other documents that Fabiana confirmed are typically signed by assignees, including procedures manuals, good-practices documents, and training forms. As such, Plaintiff's counsel adjourned the deposition to obtain these crucial documents before continuing any questioning. NFI has objected to the continuation of the deposition. | Opponent's Position: <br><br>Plaintiff improperly and prematurely terminated the deposition of NFI's corporate representative. If the Plaintiff believed there was a legitimate discovery issue (although there is none), Plaintiff should have completed all portions of the deposition that could have been completed and reserved the right to depose the witness as to any alleged missing discovery. This is precisely what NFI did during Plaintiff's deposition. For example, NFI has yet to receive Plaintiff's relevant medical records.<br><br>NFI's corporate representative was prepared and able to continue the testimony. The Federal Rules of Civil Procedure clearly state that objections to evidence or conduct during a deposition must be entered on the record; however, the examination must continue, and testimony should be | |

6

| | | |
|---|---|---|
| | recorded subject to those objections.  As noted above, NFI vehemently denies any alleged discovery deficiencies. NFI has produced Plaintiff's full personnel file. Other documents referenced by Plaintiff were not due to be produced based on Plaintiff's inartful requests and NFI's objections. Any issue with the discovery responses or NFI's objections to same have long been waived. Despite this, NFI has produced documents as indicated above. | |

**Result of the Parties' Meet and Confer**

As a result of the parties' telephonic meet and confer, the parties were unable to reach a resolution following their detailed discussions.

Respectfully submitted,

| **DEREK SMITH LAW GROUP, PLLC** | **PERERA LAW GROUP, P.A.** |
|---|---|
| *Counsel for Plaintiff Sandra Cardona* | *Counsel for Defendant Nutrition Formulators, Inc.* |

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com

/s/Nathaly Saavedra
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
nathaly@pba-law.com

**PERERA LAW GROUP, P.A.**
12555 Orange Drive, #4107

                 Davie, Florida 33330
                 Telephone: 786-485-5232

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on this 7th day of April, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**PERERA LAW GROUP, P.A.**

J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
nathaly@pba-law.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, #4107
Davie, Florida 33330
Telephone: 786-485-5232

*Attorneys for Defendant Nutrition Formulators, Inc.*

**COLE, SCOTT & KISSANE, P.A.**

Cody German, Esq.
Florida Bar No. 58654
Email: cody.german@csklegal.com
Gabriela S. Lazaro, Esq.
Florida Bar No. 123588
Email: gabriela.lazaro@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone 305-663-7058 ext. 6922
Facsimile 305-373-2294
*Attorneys for Defendant Employment Solutions of New York, Inc.*