# SCHEDULE B[1]

**RFP #1:**

All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

**Response:**

Defendant objects to this request as overbroad in temporal and substantive scope. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, this Request is ambiguous with respect to the request for "all documents that relate to Plaintiff." Virtually all emails, documents, calls, and other information could "relate" to Plaintiff but not be germane to the claims and defenses in this matter. The burden and expense of identifying, cataloging, and producing all documents that evidence this information outweighs the potential benefit of such an exercise. Subject to and without waiving these objections, Defendant will produce the following responsive, nonprivileged documents within its control: NFI 000001-000021.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request as overbroad in temporal and substantive scope. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, this Request is ambiguous with respect to the request for "all documents that relate to Plaintiff." Virtually all emails, documents, calls, and other information could "relate" to Plaintiff but not be germane to the claims and defenses in this matter. The burden and expense of identifying, cataloging, and producing all documents that evidence this information outweighs the potential benefit of such an exercise. Subject to and without waiving these objections, Defendant will produce the following responsive, nonprivileged documents within its control: NFI 000001-000021; NFI 000214-000216. Defendant is withholding responsive documents on the basis of the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.

**RFP #3:**

All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

**Response:**

---

[1] Plaintiff propounded her Requests for Production on November 1, 2024. Defendant served its responses on December 16, 2024, and its supplemental responses on February 24, 2025.

Defendant objects to this request as intruding into the attorney-client and work produce privileges. This request is also vague with respect to the phrase "forming the factual basis for Defendant's affirmative defenses." Subject to and without waiving these objections, Defendant will produce the following responsive, nonprivileged documents within its control: NFI 000001-000021.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this request as intruding into the attorney-client and work produce privileges. Subject to and without waiving these objections, Defendant will produce the following responsive, nonprivileged documents within its control: NFI 000001-000021, NFI 000214-000216. Defendant is withholding responsive documents on the basis of the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.

**RFP #9:**

All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**Response:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client and/or work-product privileges. Defendant also objects to this Request as it assumes facts not in evidence. None. Plaintiff was not an NFI employee.

**RFP #10:**

All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

**Response:**

Defendant objects to this Request because it assumes facts not in evidence. Plaintiff was not employed by Defendant.

**RFP #11:**

All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

**Response:**

Defendant objects to this Request because it assumes facts not in evidence. None, Plaintiff was not an NFI employee.

**RFP #21:**

All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**Response:**

Defendant objects to this request as unreasonably cumulative. Specifically, this request seeks documents that relate or pertain to any position held by Plaintiff which were previously requested on requests 10, 11, 12. Defendant further objects to the request as vague and ambiguous as it is not clear what documents are "related to" any position(s) that Plaintiff "held" with Defendant. Defendant further objects to this Request because it assumes facts not in evidence. Plaintiff was not NFI's employee. Subject to these objections and limiting its response to documents related to Plaintiff Defendant is producing (NFI 000001-000021).

**RFP #22:**

All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**Response:**

Defendant objects to the request for all documents referring to or relating to Plaintiff's performance evaluations as unreasonably cumulative and not proportional to the needs of the case. Specifically, this request seeks documents that relate or pertain to any performance evaluations of Plaintiff which were previously requested on requests 10, 11, 12, 21. Defendant further objects to the request as vague and ambiguous as it is not clear what documents are "related to" any performance evaluations or job reviews of Plaintiff. Defendant also objects to this Request to the extent that it assumes facts not in evidence. Plaintiff was not an NFI employee.

**RFP #23:**

All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative of other discovery. Specifically, this request seeks documents that relate or pertain to the work duties and responsibilities of each position held by Plaintiff which were previously requested on requests 10, 11, 12, 21. Defendant further objects to the request as vague and ambiguous as it is not clear what documents are "related to" any position(s) that Plaintiff "held" with Defendant. Plaintiff was not an NFI employee. Defendant also objects to this Request to the extent that it assumes facts not in evidence.

**RFP #24:**

All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative of other discovery. Specifically, this request seeks documents that relate or pertain to any write-ups, complaints, "comments", "criticisms" or warnings oral or written concerning Plaintiff's performance which were previously requested on requests Nos. 9, 11, 21. Defendant further objects to the request as vague and ambiguous as it is not clear what documents are "related to" "comments", "criticisms". Defendant also objects to this Request to the extent that it assumes facts not in evidence. Plaintiff was not an NFI employee.

**RFP #26:**

The complete personnel file of Plaintiff SANDRA CARDONA including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, investigations, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or writeups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

**Response:**

Defendant also objects to this request as unreasonably cumulative or duplicative of other discovery. Specifically, in addition to seeking Plaintiff's personnel file, the requests seeks all documents which reflect or set forth Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff which were previously requested on requests 9,10, 11, 21, 22, 23. Defendant also objects to this Request to the extent that it assumes facts not in evidence. Plaintiff was not an NFI employee and, therefore, did not have an employment personnel file. Subject to these objections and limiting its response to documents related to Plaintiff Defendant is producing (NFI 000001-000021).