**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-61337-SINGHAL/STRAUSS**

**SANDRA CARDONA,**

      Plaintiff,

v.

**NUTRITION FORMULATORS, INC**
**and EMPLOYMENT SOLUTIONS**
**OF NEW YORK INC.,**

      Defendants.

_____/

**DISCOVERY ORDER**

      **THIS MATTER** came before the Court for a hearing on April 10, 2025, upon Plaintiff's *Ore Tenus* Motion to Compel ("Motion"). [DE 39]. Plaintiff seeks to compel Defendants to produce responsive documents to her requests for production, produce said documents without first requiring her or her counsel to sign a confidentiality agreement, reproduce redacted documents now unredacted, and compel Defendant Nutrition Formulators, Inc.'s ("NFI") corporate representative to continue her deposition. For the reasons stated on the record at the hearing, and below, it is **ORDERED** and **ADJUDGED** that the Motion is **GRANTED-IN PART and DENIED-IN-PART**.

      Request 1 (producing responsive documents) boils down to whether there are certain items that should have been produced in response to Plaintiff's requests for production (namely whether there are documents within Plaintiff's personnel file that are responsive to Plaintiff's request). The parties could have, and should have, resolved this dispute through conferral several months ago. Both parties are a little bit right and a little bit wrong as to why these documents were not produced.

NFI appears to have taken a cramped view of what constitutes a personnel file, while Plaintiff's requests are, at times, poorly worded, which contributed to the confusion.

Regardless of what could have (or should have) happened, what is most significant now is that, having discussed with NFI's counsel during the discovery hearing each of the enumerated categories of documents in Plaintiff's request for production number 26, it appears that all the documents encompassed within this request have either been produced or simply do not exist.[1] Therefore, Plaintiff's Motion as to its first request is denied, except that NFI must search its records again for any non-privileged documents that summarize or describe Plaintiff's alleged violations of procedures and produce those documents, to the extent they have not been produced already. If there are no more responsive documents to that request, then NFI must produce a signed statement from counsel indicating that there are no further documents to produce.

As to request 2 (seeking further production, resisting signing a confidentiality agreement, and seeking unredacted responsive documents) the motion is granted-in-part and denied-in-part. These issues could have been raised earlier, and it appears everything that Plaintiff reasonably requested has now been produced, thus making much of this issue moot. For the documents NFI produced on March 28, 2025, (NFI000217–NFI000308) that contained redactions, Plaintiff shall treat those documents as confidential. That means that Plaintiff shall only use them for purposes of this litigation and not disseminate them to anyone beyond those attorneys (and their support staff), parties, witnesses, or Court personnel necessary for this litigation. Furthermore, NFI shall

---

[1] The requests seeks documents related to "Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or writeups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff." [DE 37–2] at 4.

produce unredacted versions of these document (NFI000217–NFI000308) by **Monday, April 14, 2025.** The unredacted versions shall be classified as "for attorney's eyes only" and be password protected. Plaintiff's counsel shall have ten business days to review those documents and raise any issue they have with the redactions with NFI. Otherwise, Plaintiff's counsel shall return the unredacted documents (without retaining copies) to NFI by **April 28, 2025**.

Lastly, as to request 3 (compelling NFI's corporate representative to continue her deposition), I find that there is good cause to do so because NFI produced the documents labeled as NFI000217–NFI000308 on the discovery deadline and after the deposition. However, the scope of the deposition must be limited to questions regarding the documents recently produced (i.e., NFI000217–NFI000308). This deposition shall be limited to four hours and occur prior to April 18, 2025. Should the parties obtain an extension of the discovery and dispositive motions deadline from Judge Singhal, then Plaintiff may take NFI's corporate representative's deposition within the time allowed by Judge Singhal.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 11th day of April 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge